## CAGLE v. PATTERSON.

DUCKWORTH, Chief Justice. The exception here is to a judgment finding the plaintiff in error in contempt of court for a violation of a court order in a processioning proceeding. The Supreme Court is without jurisdiction. Constitution of Georgia, art. 6, sec. 2, par. 4 (Ga. L. 1945, p. 43). *Transferred to the Court of Appeals. All the Justices concur.*

No. 16782. OCTOBER 12, 1949.

*Y. A. Henderson* and *H. L. Barnett*, for plaintiff in error.
*Harbin M. King*, contra.

## BREWER v. BREWER.

CANDLER, Justice. In *Brewer* v. *Brewer*, 205 *Ga.* 759 (55 S. E. 2d, 147), this court held that the Superior Court of Fulton County did not lose jurisdiction of a pending suit for divorce and alimony because "the parties may have moved out of the State of Georgia after the suit was filed and served," and affirmed the judgment awarding temporary alimony and attorney fees to the wife. While a writ of error was pending in this court, the husband was cited for contempt for a failure to comply with the order as to temporary alimony, and service was made on his attorney of record. The husband's motion to dismiss the citation, made by special appearance, was overruled. The exception here is to that judgment, and to the order adjudging the husband to be in contempt of court. *Held:*

1. Under Rule 26 of the Rules of the Superior Courts (Code, Ann. Supp., § 24-3326), service on an attorney of record for any party "to a cause pending" is declared to be sufficient.

2. The divorce and alimony suit was "a cause pending" in court (*Brewer* v. *Brewer*, supra), and service of the citation for contempt for a violation of the order in that case could properly be made on the attorney of record. Accordingly, the trial court did not err in overruling the motion to dismiss, and in the judgment finding the husband in contempt of court. *Beebe* v. *Smith*, 76 *Ga. App.* 391 (46 S. E. 2d, 212). *Judgment affirmed. All the Justices concur.*

No. 16805. OCTOBER 12, 1949.

*Dunaway, Riley & Howard*, for plaintiff in error.
*Young H. Fraser* and *William S. Shelfer*, contra.