## 20353. JACOBS v. REISMAN et al.

CANDLER, Justice. O. B. Jacobs sold and conveyed to H. D. Braswell Construction Company, Inc., certain realty in Fulton County on June 19, 1956. The grantee on the same day and for a consideration of $18,000 conveyed it by a security deed, which contained a power of sale, to Peachtree Federal Savings & Loan Association. The note it was given to secure was payable by monthly instalments, and provided that the payee or any assignee or transferee could, at its or his option, declare the entire amount due on default in payment of any instalment. The grantee on the same day and for a recited consideration of $1,975 also gave O. B. Jacobs a security deed for the same realty, but subject to the one it had given to the loan association. The note which H. D. Braswell Construction Company, Inc., gave to the association became in default because of the maker's failure to pay matured instalments, and the association transferred and assigned it, together with its security deed and title to the realty described thereby to Willie Reisman. Pursuant to the power of sale in the security deed, Reisman advertised the realty for public sale on the first Tuesday in January, 1958. On December 26, 1957, O. B. Jacobs filed a suit against Reisman and others to enjoin the sale. His petition alleges that he had tendered to Reisman $18,000, together with all interest due thereon, as and for payment in full of the transferred and assigned note, and that a continuing tender of the amounts so due him was thereby made. It is further alleged that Reisman refused to accept the amounts tendered, claiming as his reason therefor, that he is permitted by a provision in the deed to "tack-on" to the original amount the deed was given to secure an indebtedness of approximately $6,000, which he claims the grantor is due him, but it is alleged that he has no legal right to do so. A copy of the transferred and assigned security deed is attached to and made a part of the petition. The trial judge sustained a general demurrer to the petition and dismissed it. During his oral argument in this court, counsel for the plaintiff in error stated that the property involved had been sold under the power contained in the senior security deed, pursuant to an order which was granted by consent of the parties, and in consequence of the consent order for a sale of the realty a sufficient amount of the proceeds

resulting therefrom has been deposited in the registry of the court to pay the plaintiff Jacobs' note in full should he prevail in the cause; and the brief filed in this court for the defendants in error shows the same.

Since the question respecting the plaintiff's right to an injunction became moot by the consent sale of the property involved, and since the only question left in the case for decision is whether or not the defendant Reisman has a legal right, under the provisions of the security deed which Peachtree Federal Savings & Loan Association transferred and assigned to him, to "tack-on" to the original debt it was given to secure approximately $6,000, which he claims the defendant H. D. Braswell Construction Company, Inc., is due him, this court does not have jurisdiction of the writ of error. Code (Ann.) § 2-3704. Hence, the case must be and is hereby

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED FEBRUARY 16, 1959.

*Drennan & Brannon, Brackett & Brackett,* for plaintiff in error.

*Carpenter, Karp & Mathews, Harold C. Karp, A. Tate Conyers, Alex McLennan,* contra.