22261.   WOODS et al. v. STATE OF GEORGIA et al.

SUBMITTED NOVEMBER 12, 1963—DECIDED NOVEMBER 21, 1963.

*Nelson & Nelson, Carl K. Nelson, Jr.,* for plaintiffs in error.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General, G. Wesley Channel, Olin O. Rambo, H. Dale Thompson, Beverly B. Hayes, Carl K. Nelson, Jr., Nelson & Nelson,* contra.

ALMAND, Justice.   The Court of Appeals, having been of the opinion that it did not have jurisdiction in this case, has transmitted the bill of exceptions and record to this court. Being of the contrary opinion we set out below the reasons why that court and not the Supreme Court has jurisdiction to review the judgment of the trial court.

This case originated as an equity case wherein the State of Georgia, in its petition against T. J. Hobbs and the County Commissioners of Laurens County, alleged that Hobbs, a former

tax commissioner, was indebted to the State in a named sum by reason of unremitted taxes collected by him as tax commissioner. The State sought to have the commissioners enjoined from transferring any funds or properties in their possession to Hobbs and to have a receiver appointed to marshal the assets and properties of Hobbs. A receiver was appointed and an injunction was granted. Subsequently the receiver applied for and obtained an order restraining Evelina K. Woods and her attorneys from foreclosing a security deed against a parcel of land alleged to be the property of Hobbs. Pursuant to an order of the court, the receiver sold the parcel of land to which Evelina K. Woods claimed to hold a security deed. After the sale the receiver petitioned the court for direction as to the disposition of the funds in his hands derived from the sale of several tracts of real estate. In his petition he alleged that the attorneys representing Evelina K. Woods were claiming that they were entitled to attorney's fees on the attempted foreclosure of the Woods security deed by virtue of a provision in the security deed for attorney's fees in the event of foreclosure. A hearing was held in which Mrs. Woods' attorneys claimed that they were entitled to a fee of $978. After the hearing the court awarded the firm of Nelson and Nelson, attorneys for Evelina K. Woods, the sum of $300. To this order Evelina K. Woods and her attorneys filed their bill of exceptions in which the only error assigned is on the order regarding attorney's fees.

"The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence reviewable by the Supreme Court (*Code Ann.* § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court." *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275). See also *Overstreet v. Schulman,* 203 Ga. 284 (46 SE2d 344); *Jacobs v. Reisman,* 214 Ga. 745 (107 SE2d 842). No question is raised in the bill of exceptions as to orders relating to the receivership, injunction or sale of the properties. The bill does not disclose any pending equitable issues dependent

upon a ruling in this case. The only question at issue is whether the court erred in awarding a sum of money as attorney's fees out of funds in the hands of the receiver less than the amount claimed. This is a law question over which the Court of Appeals alone has jurisdiction.

*Returned to the Court of Appeals. All the Justices concur.*