### 23101. CONNELL v. CONNELL.

Candler, Presiding Justice. In a suit which Jacquelyn Cook Connell filed in the Superior Court of Richmond County against Aticus J. Connell, her husband, a judgment was rendered on November 13, 1963, granting her a divorce and permanent alimony and also awarding to her custody of their minor children with specified visitation rights in their father. There was no exception to that judgment. Her attorney in that case was Albert G. Ingram. On June 22, 1965, Aticus J. Connell filed a contempt petition or motion in the same case against his former wife in which he alleged that she and the children had moved to South Carolina and that she would

not permit the children to visit him at the times and place specified by the custody judgment. He prayed for a rule nisi requiring her to appear in Richmond County and show cause why she should not be adjudged in contempt. A rule nisi was issued on June 22, 1965, fixing a time and place for her appearance and direction was given in the rule that Albert G. Ingram, "Attorney for plaintiff" in the original suit, be served with a copy of the petition and of the rule nisi instanter. All that the record shows respecting service of the contempt petition and rule nisi is the following entry signed by petitioner's attorney, William C. Calhoun: "I hereby certify that a copy of the above and foregoing petition was mailed to plaintiff's attorney, Albert G. Ingram prior to filing, as required by law. This 22nd day of June, 1965." Mrs. Connell made no personal appearance but responded to the petition for the sole purpose of questioning the court's jurisdiction of her person. The court, after hearing evidence, overruled her plea to the jurisdiction of her person and entered an order adjudging her in contempt of the court and directed that she be confined in the common jail of Richmond County until she purged herself of the contempt by delivering the children to petitioner, her former husband. She excepted to these judgments. *Held:*

The custody judgment here sought to be enforced by attachment for contempt is founded upon and is an incident of the divorce, alimony and custody suit in which it was granted on November 13, 1965, but it is a separate and independent proceeding from the one in which such visitation rights were granted (*Bilbo v. Bilbo,* 167 Ga. 602 (146 SE 446); *Harris v. Harris,* 205 Ga. 105 (2) (52 SE2d 598)); and being so, it was necessary to perfect service of the petition and rule nisi on her in accordance with *Code Ann.* § 81-202 which provides that the defendant in such a proceeding in order to effect legal service must be served with a copy of the petition and process by the sheriff or his deputy. Since mailing a copy of the contempt petition and rule nisi to the attorney for plaintiff in the original divorce, alimony and custody suit constitutes no service at all on the defendant in this contempt proceeding, and since the record fails to show that defendant waived service of the petition and rule nisi, the judgment holding her in contempt is a nullity for want of the court's jurisdiction of her person.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 7, 1965.

*Albert G. Ingram,* for plaintiff in error.
*William C. Calhoun, Glenn B. Hester,* contra.