## 23371. CONNELL v. CONNELL.

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966.

*Albert G. Ingram,* for appellant.

*W. G. Calhoun, G. B. Hester, Herbert E. Kernaghan, Jr.,* for appellee.

ALMAND, Justice. In October, 1965, Aticus J. Connell in a petition addressed to a named Judge of Richmond Superior Court in a case entitled "Jacquelyne Cook Connell vs. Aticus J. Connell, In the Superior Court of Richmond County, Georgia, Case No. 7197-B, Petition for Contempt," alleged that the stated case was now pending in the court by virtue of an execution issued by the plaintiff; that in November, 1963, the court granted a final decree of divorce between the parties with certain rights granted to petitioner (the husband) as to visitation with his children. It was alleged that the plaintiff (mother) had violated the provisions of the decree in that she had not permitted the petitioner to visit the children and had taken the children beyond the jurisdiction of the court in defiance of the decree. The prayers were that the mother be adjudged in contempt of court.

On the petition the court issued an order for the mother (the appellant) to show cause why she should not be adjudged in contempt of court. The record shows that the mother was served personally by a Deputy Sheriff of Richmond County in said county.

The mother thereupon filed the following plea of res judicata: "A judgment was rendered on the 22nd day of September, 1965, in the Supreme Court of Georgia, in favor of plaintiff, on the same cause of action and between the same parties as in the present case, said court having jurisdiction in said matter and having held that any further action in said case must be a new, separate and distinct cause of action."

While the record discloses that the mother (appellant) filed general demurrers to the petition for contempt, and it is enu-

merated that the court erred in overruling those demurrers, the record does not disclose that any order was entered on them. The only alleged error before us is whether the court erred in dismissing the plea of res judicata.

Our judgment in *Connell v. Connell*, 221 Ga. 379 (144 SE2d 722), where the case was before us and where, as here, the father sought to have the mother adjudged in contempt for the same reasons assigned here, is not res judicata of the present case. The petition as here was in the divorce case, but there the service was not personally perfected on the mother but was made upon the counsel representing her in the divorce case. The mother appeared, objecting to the jurisdiction of the court for lack of service. Her objection was overruled and she was adjudged in contempt. On appeal to this court, the judgment was reversed on the ground that "the custody judgment here sought to be enforced by attachment for contempt is founded upon and is an incident of the divorce, alimony and custody suit in which it was granted on November 13, 1965, but it is a separate and independent proceeding from the one in which such visitation rights were granted [citations omitted]; and being so, it was necessary to perfect service of the petition and rule nisi on her in accordance with *Code Ann.* § 81-202 which provides that the defendant in such a proceeding in order to effect legal service must be served with a copy of the petition and process by the sheriff or his deputy. Since mailing a copy of the contempt petition and rule nisi to the attorney for plaintiff in the original divorce, alimony and custody suit constitutes no service at all on the defendant in this contempt proceeding, and since the record fails to show that defendant waived service of the petition and rule nisi, the judgment holding her in contempt is a nullity for want of the court's jurisdiction of her person." It now appears that subsequent to the reversal in the former appearance of this case, a new petition for contempt was filed and service of the rule nisi was personally made upon the mother (appellant). The facts that called for the judgment in this case on its previous appearance are not the same as now appear in the second petition. Therefore the judgment of this court in the first appearance of this case is not res judicata on its second appearance.

The trial court did not err in dismissing the plea of res judicata. See *Bass Dry Goods Co. v. Granite City Mfg. Co.*, 116 Ga. 176 (3) (42 SE 415); *Studdard v. Hawkins*, 139 Ga. 743 (1) (78 SE 116).

*Judgment affirmed. All the Justices concur.*