### 24811. MARTER v. THE STATE.

UNDERCOFLER, Justice. The defendant was convicted in the Superior Court of Walker County for the offenses of burglary and being a rogue and vagabond. He was sentenced to one year on the burglary indictment and 3 years on the rogue and vagabond indictment. He appeals to this court and enumerates as error certain rulings of the trial court. *Held:*

1. A motion was made to quash the rogue and vagabond indictment because:

(a) The indictment did not charge the accused with being a rogue and vagabond or any other crime under the laws of Georgia. This contention is without merit. It is not necessary that the indictment name the offense with which the defendant is charged if the averments thereof are such that it describes an offense against the laws of the State. It is not the name given to the offense in the indictment which characterizes it but the description in the averments of the

indictment. *Camp v. State*, 3 Ga. 417; *Lipham v. State*, 125 Ga. 52 (1), 53 (53 SE 817, 114 ASR 181, 5 AC 66).

(b) And because the rogue and vagabond statute (*Code* § 26-7101) violates the due process clause of the Constitution of the United States since it provides for punishment for a criminal intent without any overt act, criminal or otherwise, and that it is unduly vague, uncertain and broad in that it provides for punishment for being in or upon certain type buildings without regard to the fact that a person might be legally in or upon said buildings.

*Code* § 26-7101 provides: "If any person shall be apprehended, having upon him any instrument with intent to break and enter into any dwelling house, warehouse, store, shop, coachhouse, stable, or outhouse, in order to steal or commit any other crime; or, shall have upon him any offensive weapon, with intent to commit crime upon any person, which, if committed, would be punishable by death or confinement in the penitentiary; or, *shall be found in or upon any dwelling house, warehouse, store, shop, coachhouse, stable, or outhouse, with intent to steal any goods or chattels, he shall be deemed a rogue and a vagabond,* and shall be punished by confinement and labor in the penitentiary for not less than one year nor more than five years." (Emphasis supplied).

The indictment charged the defendant with a felony "being then and there found in and upon the warehouse, storehouse, shop and outhouse of Marlin Higdeon d.b.a. Sureway Service Station with intent to steal goods and chattels contained in said warehouse, storehouse, shop, and outhouse of Marlin Higdeon d. b. a. Sureway Service Station."

*Code* § 26-7101 clearly requires two elements for conviction: (1) being found in or upon certain described buildings, and (2) with intent to steal any goods or chattels. Since proof of both of these elements is essential to a conviction, the motion to quash the indictment on this ground is without merit. *Hogan v. Atkins*, 224 Ga. 358 (162 SE2d 395).

(c) It is also contended that the said statute is unconstitutional as a bill of attainder in that it subjects rogues and vagabonds to punishment without regard to whether they have committed any crime which is in violation of Art. I, Sec. X, Par. I of the Constitution of the United States (*Code* § 1-134). This contention is without merit. The statute makes it a crime for a person to be found in or upon any dwelling house, ware-

house, store, shop, coachhouse, stable, or outhouse with intent to steal any goods or chattels. The statute merely describes such person as a "rogue and vagabond." It does not assess any penalty against rogues and vagabonds as a class as generally known and defined.

2. The second enumeration of error raises a constitutional question which was not raised in the lower court and which cannot be raised for the first time in an enumeration of error in this court.

3. The photographs introduced in evidence over the defendant's objection were properly identified and allowed in evidence by the trial court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1968—DECIDED SEPTEMBER 23, 1968.

*J. Donald Bennett,* for appellant.
*Earl B. Self, Solicitor General,* for appellee.

