25617, 25618.   ROBERTS v. ROBERTS; and vice versa.

204

ARGUED JANUARY 14, 1970—DECIDED MARCH 5, 1970.

*Davis & Stringer, Robert H. Stringer,* for appellant.
*Herbert O. Edwards,* for appellee.

FELTON, Justice. Case No. 25618 (wife's appeal). ■ Enumerated error 1 of the defendant wife's appeal claims failure of service on her of plaintiff's contempt citation. "The divorce and alimony suit was 'a cause pending' in court . . . and service of the citation for contempt for a violation of the order in that case could properly be made on the attorney of record." *Brewer v. Brewer*, 206 Ga. 93 (2) (55 SE2d 593); Ga. L. 1966, pp. 609, 615; as amended, Ga. L. 1967, pp. 226, 229 (*Code Ann.* § 81A-105 (b); CPA § 5). Service of the citation and rule nisi is claimed by the plaintiff's attorney to have been made by delivering a copy thereof personally to the defendant's attorney of record, as required by the trial court's order and authorized by § 81A-105 (b), supra. The only proof of service in the record is the plaintiff's attorney's verbal statement in his place, which was contested by the defendant's attorney, who stated that, "I don't remember what Mr. Stringer handed me or if he handed me anything. I will yield to his memory, saying his memory may be better than mine, but I still contend we were never served with a citation for contempt." *Code Ann.* § 81A-105 (b), the constitutionality of which was not attacked, provides in part: "Proof of service may be made by certificate of an attorney or of his employee, or by written admission, or by affidavit, *or other proof satisfactory to the court. Failure to make proof of service shall not affect the validity of service.*" (Emphasis supplied.) As we construe the above language, it virtually eliminates the requirement of proof of service, except such as will satisfy the trial court in its discretion. This means, in the present case, that the mere averment of service, even though contradicted by opposing counsel, evidently constituted sufficient basis for the trial court's finding of valid service, since he considered it satisfactory enough upon which to proceed with the husband's citation. If it is deemed desirable for proof of service to consist of more than the contradicted word of the serving counsel, this is a matter to be legislatively effected. This enumerated error is without merit.

■ The appellant wife's second enumerated error, the court's adjudicating her to be in contempt, is not meritorious for any reason urged. The count of contempt of which the court found

the defendant guilty was making telephone calls to the plaintiff's place of business. Although most of the witnesses could not testify positively as to the fact that some such calls were made after the July 12, 1968, order, there was some evidence to this effect. Employee Chuck Sexton testified that the defendant called him at the office in November, 1968. The plaintiff testified that he had heard the defendant make abusive calls to employee Mrs. Johnson, ". . . and Mrs. Johnson left [in April, 1969] and she [defendant] attacked the other secretary, Mrs. Nichols." On cross examination, testimony was elicited from Mrs. Johnson as follows: "Q. I would like to ask you, since the separation, *and since this order,* have you had occasion to re-receive a telephone call from Mrs. Roberts or Sandra? A. Yes, I have. . . Q. Did you recognize the voice, or voices? A. I did. Q. Whose voice was it? A. Mrs. Roberts. . . Q. How recent would that have been before you left? [in April, 1969] A. Just before you left, the last few weeks I was there, there wasn't hardly any calls." The court did not err in its judgment adjudicating the defendant in contempt of court on this count.

Case No. 25617 (husband's appeal). ■ The issue of the propriety of the trial court's requiring a supersedeas bond on the appeal is moot. The record does not reveal that the bond was in fact paid. If it was, the rule is that "[m]atters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court." *Woods v. State of Ga.,* 219 Ga. 503, 504 (133 SE2d 865) and cit. The appellant husband's first enumerated error is without merit.

■ Enumerated error 2 is the failure of the trial court to state in the contempt order that he found the plaintiff's acts were wilful and the failure to set forth therein his findings of fact and law. The trial court is presumed to have known the law that the basis of the contempt judgment is some wilful disobedience of his order. The cases cited by appellant to this effect, *Biggers v. Biggers,* 222 Ga. 139, 140 (149 SE2d 98) and *Atlanta Printing Specialties &c. Union No. 527 v. Zell,* 215 Ga. 732 (113 SE2d 401), do not require that the finding of wilful disobedience be expressly stated in the order, but merely

that such finding be authorized by the evidence and not expressly negatived in the order. As to the other findings of law and fact, the order sufficiently specified the facts upon which the contemnor was adjudged in contempt, each of which had been either admitted by contemnor or proven by evidence. This enumerated error is not meritorious.

■ Enumerated errors 3, 4, 6, 7, 8, 9 and 10 all raise the point that the restraining order names only the wife and therefore affords no protection to her counsel and her children, who are third parties not named therein. The order was purposely drawn to include and preclude the wide range of contemptuous conduct to which the evidence shows both parties were inclined. All of the acts of which the plaintiff was adjudged guilty came within the broad scope of the proscriptions of the order, i. e., "communicating with, molesting *in any manner,* or harassing each other." (Emphasis supplied). "In any manner" can certainly include indirect, as well as direct, molestation or harassment. The findings were authorized by the evidence that each of the aforesaid acts was perpetrated by the plaintiff, that they were done with the intention of indirectly molesting and harassing the defendant, and that they were communicated to the defendant, resulting in the intended effect. Additionally, the communications, especially to the defendant's attorney, an officer of the court, had the tendency of impairing the administration of justice in the pending divorce action between the parties, regardless of the truth or falsity of the statments. *Wood v. State of Ga.,* 103 Ga. App. 305 (3c) (119 SE2d 261). Under the evidence, the trial court did not abuse its discretion in adjudicating the plaintiff in contempt. See *Herring v. State,* 165 Ga. 254 (140 SE 491) ; *Renfroe v. State of Ga.,* 104 Ga. App. 362 (121 SE2d 811) and cit. These enumerated errors are without merit.

■ Enumerated error 5 is without merit, since it seeks to raise for the first time in this court a constitutional question as an affirmative defense, which should have been pleaded in the trial court. *Marter v. State,* 224 Ga. 569 (2) (163 SE2d 702).

■ The plaintiff does not show harmful error in the court's order finding him guilty of 4 specified counts of contempt and

sentencing him under only 3 unspecified counts, since he is being sentenced for one count less than that authorized by the court's finding and since the evidence authorized the conviction under each of the counts. Nor is harmful error shown by the hand-written postscript, "for a total of 60 days," to the typed sentencing provision of the order, "I sentence him to twenty (20) days in jail on each of these items of contempt and they will run on three items of contempt. They will run consecutively." Even though the former phrase was not included in the oral order, it merely summarized the total sentence already stated. Enumerated error 11 is without merit.

■ Enumerated error 12 is the trial court's awarding to the defendant wife's attorneys $600 attorney's fees, since the court had sentenced her to jail because of her contemptuous conduct and the contempt hearing was not for the purpose of awarding alimony, including alimony in the nature of attorney's fees. The defendant wife's citation for contempt prayed for attorney's fees and such fees were awarded in the order adjudging both parties in contempt; therefore, it might be assumed that such fees were for the expenses of litigating the contempt proceedings. Ga. L. 1967, p. 591 (*Code Ann.* § 30-202.1) provides for "[t]he grant of attorney's fees as a part of the expenses of litigation made *at any time during the pendency of the litigation,* whether the action be for alimony, divorce and alimony, or *contempt of court* arising out of either an alimony case or a divorce and alimony case. . ." (Emphasis supplied.) *Code* § 30-205 provides that "[o]n application for temporary alimony, the merits of the cause are not in issue. . ." This court will not control the discretion of the judge in awarding temporary alimony and attorney's fees unless there is a manifest, flagrant, gross abuse of discretion. *Lybrand v. Lybrand,* 204 Ga. 312 (49 SE2d 515) and cit. Even if the defendant wife's contemptuous conduct would have authorized the court to refuse to award her attorneys' fees, yet, since the evidence as to her contumacy was in conflict and did not demand the finding of her guilt, the court did not abuse its discretion in awarding her attorney's fees, reasonableness of which is not contested. See *Williams v. Williams,* 141 Ga. 791 (82 SE 226); *Tillman v. Tillman,* 187

Ga. 567 (1 SE2d 676). As for the fact that the record shows no hearing as to the amount of the attorney's fees, the trial judge may allow as fees such amount as may seem proper although there is no evidence fixing the value of the services. *Hobbs v. Hobbs,* 158 Ga. 571 (2) (123 SE 891). Furthermore, it will be assumed, absent a contrary showing, that the court had already conducted a hearing in connection with the award of temporary alimony made in the previous order upon which the contempt citations are based. This enumerated error is without merit.

■ The court did not err in making third-parties defendant to the divorce and alimony action the two parties to the allegedly fraudulent conveyance of real property. The alleged fraudulent concealment of the plaintiff's assets was a material issue with regard to the amount of alimony to be awarded in the action and the two parties to the alleged fraud were properly made parties defendant in order to better arrive at the truth as well as give them an opportunity to defend themselves against this charge. *Code* § 37-1005. "In a proceeding for alimony under section 30-213 of the Code, injunction and receiver and other necessary relief may be granted, and to this end all necessary parties may be joined as defendants with the husband." *Price v. Price,* 90 Ga. 244, 245 (15 SE 774); *Lyon v. Lyon,* 102 Ga. 453 (31 SE 34, 42 LRA 194, 66 ASR 189). Enumerated error 13 is without merit.

The court did not err in its judgment either for adjudicating both parties in contempt for any of the reasons urged or for any other enumerated error.

*Judgments affirmed. All the Justices concur.*