## 27158.   MOORE v. MOORE.

UNDERCOFLER, Justice. This appeal involves two contempt citations for nonpayment of child support.

The first one was instituted in 1971. After a hearing the trial court entered an order on October 6, 1971, finding the defendant in arrears $12,036 and directing that he assign to the plaintiff this amount out of an expected attorney's fee to be received in pending litigation and to make payment immediately upon receipt of such fee. The order further stated, ". . . the plaintiff shall not pursue her citation for contempt for the arrearage now due for a period of three (3) months, at which time if the said $12,036 has not been paid, the plaintiff may reinstitute this citation for contempt."

The delinquent support payments were not paid. On January 12, 1972, the plaintiff filed a second citation for contempt. It was served by mail on the attorney who appeared for the defendant in the first contempt proceedings. No service was had on the defendant. The attorney filed certain interrogatories. He appeared and informed the court he was unable to locate the defendant. He moved the hearing be continued for lack of service. The motion was overruled and the court found the defendant in contempt. Among other things, the appellant contends the trial court was without jurisdiction to find him in contempt without personal service of the contempt citation. *Held:*

The two contempt citations were independent proceedings. The service by mailing a copy of the second contempt

citation to the defendant's attorney in the first contempt citation does not constitute service on the defendant. *Connell v. Connell,* 221 Ga. 379 (144 SE2d 722); *Barnes v. Tant,* 217 Ga. 67, 72 (121 SE2d 125). Therefore the trial court was without jurisdiction to enter its order. The filing of interrogatories did not result in a waiver of service.

*Brewer v. Brewer,* 206 Ga. 93 (2) (55 SE2d 593) and *Roberts v. Roberts,* 226 Ga. 203 (1) (173 SE2d 675) are distinguished from the instant case. There the divorce and alimony proceedings were still pending. Here such action had been concluded.

*Judgment reversed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED APRIL 12, 1972—DECIDED MAY 3, 1972.

*Scheer & Elsner, Robert A. Elsner, Gary I. Wittick,* for appellant.

*Hendon & Henley, Hardaway Young, III,* for appellee.