### 27162. SOUTER v. CARNES.

Nichols, Justice. Mrs. Michel K. Souter filed a petition to set aside the probate of Floyd Clark Logan's will, upon the ground that she, as an heir at law, was not given notice of such probate proceedings. The court of ordinary dismissed her petition and an appeal was filed to the superior court where the administrator's motion for summary judgment was granted, and it is from this judgment that the present appeal is filed. The refusal to grant the petitioner's motion for summary judgment is enumerated as error as well as the judgment granting the administrator's motion for summary judgment.

1. The petitioner's complaint alleges that she is a second cousin of the deceased and the administrator's answer does not deny such allegation, but pleads a want of information sufficient to either admit or deny it. The affidavit of the administrator's attorney filed in support of his motion for summary judgment states that it was determined that the nearest relatives of the decedent still in life were second and third cousins. Accordingly, the plaintiff was entitled to notice of the probate proceedings

and unless the affidavits and exhibits thereto show, without dispute, that the petitioner received notice or waived notice of the probate of the will in solemn form, the judgment of the trial court granting the motion of the administrator with the will annexed for summary judgment must be reversed. See *Code Ann.* § 113-607.

2. The affidavits and exhibits attached thereto filed in support of the defendant's motion for summary judgment show that the administrator with the will annexed, who was also the propounder of the will, knew of the plaintiff here, a resident of Georgia, and there was no personal service, nor any written waiver of service, nor any acknowledgment of service by her although notice was given her attorney. Under decisions exemplified by *Sutton v. Hutchinson,* 226 Ga. 99 (172 SE2d 663), the trial court erred in granting the defendant's motion for summary judgment unless it can be held that notice to an attorney was such notice to the plaintiff as would require her to file any caveat to the probate of the will prior to the probate.

3. While service upon an attorney of any papers in a pending action is permitted by *Code Ann.* § 81A-105 (see also cases exemplified by *Roberts v. Roberts,* 226 Ga. 203 (173 SE2d 675)), yet service upon an attorney who may represent a person is not service upon the person so as to give a court jurisdiction of the person where personal service is required. Compare *Connell v. Connell,* 221 Ga. 379 (144 SE2d 722); *Barnes v. Tant,* 217 Ga. 67, 72 (121 SE2d 125); *Moore v. Moore,* 229 Ga. 135. The affidavits and exhibits submitted in support of the defendant's motion for summary judgment showed knowledge of an attorney employed by the plaintiff, but since the plaintiff was not a party to any litigation, the notice to such attorney was not notice to the plaintiff here. Accordingly, the trial court erred in granting the defendant's motion for summary judgment.

4. The enumeration of error complaining of the overruling of the plaintiff's motion for summary judgment presents

nothing for decision inasmuch as the certification for immediate review of such judgment by the trial court is dated more than 10 days after the denial of such motion. See *Carroll v. Campbell,* 226 Ga. 700 (177 SE2d 83).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MAY 9, 1972—DECIDED JUNE 15, 1972.

*William E. Otwell,* for appellant.
*John L. Coney,* for appellee.