### 55963. BERGER v. NORTH AMERICAN COMPANY.

ARGUED JUNE 5, 1978 — DECIDED JUNE 29, 1978.

J. Timothy Lawler, Edwin Marger, for appellant.
Carter, Ansley, Smith & McLendon, H. Sanders Carter, Jr., M. D. McLendon, C. James Jessee, Jr., for appellee.

DEEN, Presiding Judge.

1. The motion to dismiss the appeal is denied. While the opinion in *Moody v. Moody,* 238 Ga. 257 (232 SE2d 842) (1977), on which appellee relies fails to state the facts of the case, examination of that record reveals that the contempt order there held not to be a final judgment was in fact a temporary order which while finding the defendant guilty suspended itself until another hearing, presumably to see whether the defendant caught up his child support payments in the meantime. Here the order is final.

2. An application for civil contempt is a motion, and an order based thereon need not set out findings of fact and conclusions of law. *Lupo v. Long,* 145 Ga. App. 876 (1978).

3. The appellant had been deposed twice for periods of two and three hours each in this case, as well as other depositions having been taken in cases in other courts, all concerned with air traffic control personnel which had been referred to him by the Federal Aviation Authority, when he filed a motion for protective order in the Posey case. The court denied the order and appellant was "ordered and directed to appear for the continuation of his deposition and to answer each and every question which he has heretofore declined to answer." No date was set. Dr. Berger and his wife left the state on December 13, 1977. It so happened that appellee attempted unsuccessfully to serve a subpoena on him the following day, and on January 3, 1978, it served a motion for application to hold him in contempt upon his attorney. Dr. Berger, who was in California, did not appear for the hearing, which was called on January 4 and continued for 24 hours. On January 5 at a hearing at which only the various attorneys concerned were present, and at which no defenses going to the merits of the case were presented,

the contempt order was passed.

We need not consider the case further than to point out that the appellant was never served, and that everything which followed was nugatory. The appellee's contention that a waiver occurred because appellant's counsel had been informed at some past time that appellee intended to make an application for contempt is totally inadequate. So is the contention that notice was waived when counsel appeared at the contempt hearing two days after the pleading was filed, and that this waiver gave the court jurisdiction over the absent defendant. As pointed out in *Crocker v. Crocker,* 132 Ga. App. 587 (3) (208 SE2d 602) (1974), until the alleged civil contemnor is legally served with rule nisi the court has no jurisdiction to enter any order in the case with respect to his conduct, and all further proceedings are nugatory. *Crocker* does not hold that mere presence of counsel, where the client had no notice, is sufficient. In the case of People v. Knapp, 157 NYS2d 820, cited in Crocker's case, the situation was that the contemnor was personally present in court and again refused to answer certain questions put to him by the grand jury, and that this constituted a summary contempt, counsel *also* being present and defending *on the merits.* That situation did not occur here.

Lastly, service of the contempt citation on the attorney, even disregarding the fact that it was to be heard with unseemly haste in 24 hours although the alleged contemnor was 3,000 miles away, cannot under any circumstances be considered service on the proposed witness. This can only occur, as in *Roberts v. Roberts,* 226 Ga. 203 (1) (173 SE2d 675) (1970), where there is personal service upon the attorney of record of a *party* to a pending case. The appellant was not a party to the litigation here involved between the appellee and Posey. He was at most an expert witness in the case. The contempt citation was a separate proceeding, between different parties. The application for contempt could not be served on Dr. Berger's attorney under Code § 81A-105(b) which refers to service and filing of pleadings subsequent to the original complaint, and no original complaint against the appellant is here involved prior to the contempt citation itself. In *Moore v. Moore,* 229 Ga. 135 (189 SE2d 431)

(1972), although the contemnor had been a party to the original divorce action, that action had terminated. There followed two consecutive contempt actions. In the second the contemnor was not served but his counsel in the first contempt was served. "The two contempt citations were independent proceedings." Id. Service upon counsel was inadequate as notice to the appellant and the court was without jurisdiction to proceed.

*Judgment reversed. Smith and Banke, JJ., concur.*