## 35245. SMITH v. SMITH.

HILL, Justice.

This is an appeal from a judgment of contempt for interference with visitation rights. The appellant former husband was granted a divorce from appellee wife in 1977. The accompanying agreement specified that custody of the minor child of the parties be awarded to the husband, with visitation rights granted to the wife on the first and third weekends of each month. There was further provision for additional visitation privileges "at any reasonable time which can be agreed upon by the parties."

On March 16, 1979, the wife filed a petition for attachment for contempt against the husband for interference with her visitation rights and a rule nisi was issued setting the hearing on April 3, 1979. The petition and rule nisi were served personally on the husband.

The hearing was rescheduled for April 19, 1979. Both parties appeared at this hearing, the result of which was a court order modifying the visitation rights so as to nullify the provision allowing additional indeterminate visitation and to require 24 hours notice by the wife of her intent not to exercise her semi-monthly visitation rights. This order made no mention of the wife's contempt petition.

On April 24, 1979, counsel for the wife mailed to the husband's attorney a "notice of motion" which stated that the contempt petition would be reheard on April 27, 1979. Other than this notice to his attorney, the husband was not personally served with notice of this hearing, and the court did not issue a new rule nisi. The husband did not appear at the April 27 hearing, at which time the trial court found him in wilful contempt of court and ordered him incarcerated for 20 days. The husband appeals.

1. The husband contends that the court order of April 19 which modified the visitation rights was a final judgment in the contempt action brought by the wife. Therefore, the contempt petition could not be reheard without instituting a new contempt proceeding, requiring personal service on the husband.

The husband is correct that, after a final decree of divorce, alimony and child custody has been entered and

no action is pending, a contempt proceeding requires personal service on the defendant. *Connell v. Connell,* 221 Ga. 379 (144 SE2d 722) (1965); *Moore v. Moore,* 229 Ga. 135 (189 SE2d 431) (1972). In this case, however, it is undisputed that the method of service on the husband for the first hearing was proper: the husband was personally served with the petition and the rule nisi. The real issue is whether the April 19 hearing was a final judgment on the contempt petition, thereby necessitating that the entire process be started over before the April 27 hearing. See *Moore v. Moore,* supra. If, on the other hand, the contempt action was still pending in the trial court, the notice could properly be served on the attorney of record. *Roberts v. Roberts,* 226 Ga. 203 (1) (173 SE2d 675) (1970); *Brewer v. Brewer,* 206 Ga. 93 (55 SE2d 593) (1949); Code Ann. § 81A-105 (a) (b).

The court order which was issued on April 19 modified the visitation rights of the wife and required her to give notice regarding visitation rights under certain circumstances. However, the April 19 order made no mention of the contempt petition. That order was not a final disposition of the wife's application for attachment for contempt. Therefore, because the contempt petition was still pending after the April 19 hearing, notice to the husband's attorney of record was sufficient. *Roberts v. Roberts,* supra; *Brewer v. Brewer,* supra. The trial court did not err in finding that it still had jurisdiction to hear and decide the contempt petition.

2. The husband also contends that it was error for the trial judge to award attorney fees to the wife. This contention is correct. Attorney fees are not recoverable in a contempt proceeding concerning only child custody or visitation rights. Code Ann. § 30-202.1(a) (Ga. L. 1979, pp. 466, 473); *Strickland v. Williams,* 234 Ga. 752, 754 (218 SE2d 8) (1975); *Bowen v. Bowen,* 230 Ga. 670 (198 SE2d 862) (1973); *Connell v. Connell,* 222 Ga. 765 (4) (152 SE2d 567) (1966). Accordingly, the order of the trial court awarding attorney fees to the wife is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Submitted August 10, 1979 — Decided September 10, 1979.

232

*Alan M. Alexander, Jr.,* for appellant.
*Rodger E. Davison,* for appellee.