## A89A2298. CHAVARRIA v. JACKSON.
(390 SE2d 613)

SOGNIER, Judge.

Gary Jackson and Lynn Murray Chavarria were divorced in Georgia on October 1, 1984. On December 20, 1988, Jackson filed a motion for contempt, alleging that Chavarria had wilfully violated the visitation provisions in the divorce decree. The motion was personally served on Chavarria in Georgia. On February 7, 1989, after a hearing, the trial court entered an order finding Chavarria in contempt and ordering her incarcerated for twenty days, but allowing her to purge herself by complying with the visitation provisions of the divorce decree and certain other conditions. Chavarria was thereupon released from incarceration the afternoon following the hearing. On May 11, 1989, Jackson filed an "Application to Enforce Contempt Order" alleging noncompliance with the contempt order, serving Chavarria by mailing a copy to her counsel. Chavarria entered a special appearance to contest the court's in personam jurisdiction. The trial court found that it had jurisdiction, but granted Chavarria a certificate of immediate review. We granted Chavarria's application for interlocutory review and we now reverse.

Appellant contends appellee's May 11th motion was a new action

for contempt, requiring personal service, see *Connell v. Connell*, 221 Ga. 379, 380 (144 SE2d 722) (1965), and thus the trial court erred by denying her motion to dismiss for insufficiency of service of process. In opposition to appellant's motion, appellee argued both below and before this court that the first contempt action remained pending in the trial court until appellant either purged herself or completed the term of incarceration imposed. The trial court agreed and denied appellant's motion, citing *Harrell v. Peteet*, 134 Ga. App. 210 (214 SE2d 5) (1975). We cannot agree that *Harrell* is applicable here, as in *Harrell* no fine or imprisonment was imposed, and the trial court had specifically retained jurisdiction to render punishment, if necessary. That case has been interpreted as supporting the proposition that a contempt action remains pending in the trial court until a finding of contempt is made and punishment is imposed. See, e.g., *Payne v. Presley*, 169 Ga. App. 36 (311 SE2d 849) (1983); *In re Crudup*, 149 Ga. App. 214 (253 SE2d 802) (1979). To hold otherwise would prevent most domestic relations contempt actions from being finalized for many years — sometimes, as in the case at bar, during the entire minority of the children of the marriage.

In the case sub judice, appellant clearly and emphatically was found to be in contempt, and punishment terms were set forth. We find that "[t]he first contempt action was concluded when the trial court entered its order of [February 7, 1989], finding appellant in wilful contempt of [the divorce decree]. This was a final adjudication of the first motion for contempt. Thus, the second motion was not filed in a pending action and service upon [appellant's] attorney . . . was insufficient. [Cit.]" *Davis v. Hutto*, 253 Ga. 538, 539-540 (322 SE2d 277) (1984). The trial court erred by denying appellant's motion to dismiss.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1990 —
REHEARING DENIED FEBRUARY 6, 1990.

*Davis, Price & Young, Robert E. Price*, for appellant.
*Rainwater & Christy, Gary C. Christy, David A. Forehand, Jr.*, for appellee.