## A00A2424. CROLLEY v. DERGARA.
(546 SE2d 366)

ANDREWS, Presiding Judge.

William L. Crolley, defendant and plaintiff-in-counterclaim, appeals the trial court's denial of his motion to set aside judgment pursuant to the grant of his application for discretionary appeal.

This litigation arose from a business arrangement which went awry. Suit was initiated by L'Arc En Ciel Editions, Inc. (L'Arc) against Crolley, his corporation WLC Industries, Inc. (WLC),[1] and Ann Dergara Publishing, Inc. (ADP). Dergara was president and Crolley was secretary/treasurer of ADP. Defendants filed a counterclaim as well as a motion to add Dergara individually as a defendant-in-counterclaim, which was granted.

On April 14, 1992, the parties advised the court that there had been a settlement in the case. Dergara's attorney announced that there was an agreement "in general" and that the parties would attempt to agree on a more definitive written agreement. Dergara was to be paid $60,000, with defendants signing a promissory note in her favor for that amount plus interest, along with other documents including a settlement agreement. As stated by Dergara's counsel,

> [t]he Defendants will execute a Consent Judgment. In the event of default of the Note, default occurs on the Note, the only condition of the Consent Judgment will be notice to the Defendants of their right to argue whether or not there actually was a default on the Promissory Note.

Although no consent judgment was filed and no executed settlement documents are contained in the record, on June 17, 1992, a "Joint Mutual Dismissal With Prejudice" was filed in the case, stating that all parties "hereby dismiss their claims and counterclaims, with prejudice." On November 28, 1994, and again on July 7, 1995, L'Arc and Dergara filed a "Claim to Enforce Settlement Agreement" in the same action. Pursuant to that claim, which was served on counsel for Crolley by mail, the court entered judgment for Dergara for $54,770.59 plus $6,855.15 in attorney fees "as provided in the promissory note which is the subject of this action."

Pursuant to OCGA §§ 9-11-60 (d) (1) and 9-12-16, lack of jurisdiction over the person of the defendant renders a judgment void and subject to being set aside.

After the filing of the joint mutual dismissal with prejudice in June 1992, the underlying action in settlement of which the promissory note and other documents were proposed was no longer pending.

---

[1] WLC has filed for bankruptcy, and the action against it is stayed.

A mere oral pronouncement by a party that a consent judgment will be entered in the future does not amount to a judgment so as to provide a basis for contempt or other action for its enforcement in the settled matter. *In the Interest of L. H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000); see *Leary v. Julian*, 225 Ga. App. 472, 473 (1) (484 SE2d 75) (1997). This is beyond question where, as here, a dismissal with prejudice was filed instead of a consent judgment. Such a dismissal is an adjudication on the merits. *Grant v. Franklin*, 244 Ga. App. 370, 371 (534 SE2d 584) (2000); *Kent v. State Farm &c. Ins. Co.*, 233 Ga. App. 564, 566 (2) (504 SE2d 710) (1998).

Service by mail on Crolley's attorney was insufficient for initiation of an action seeking to enforce any claimed settlement. *Southworth v. Southworth*, 265 Ga. 671, 673 (3) (461 SE2d 215) (1995); *Souter v. Carnes*, 229 Ga. 220, 221 (2), (3) (190 SE2d 69) (1972); *Gould v. Latorre*, 227 Ga. App. 32, 33 (1) (b) (488 SE2d 116) (1997). Therefore, the judgment entered was void, and denial of the motion to set it aside was error.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 5, 2001.

*Michael A. Dailey*, for appellant.
*Steven J. Strelzik, Angelo T. Merolla*, for appellee.