### S13F0190. JAHANBIN v. RAFIEISHAD.
(741 SE2d 648)

THOMPSON, Presiding Justice.

Appellant Manoucher Jahanbin (husband) appeals the trial court's denial of his motion to set aside the final judgment and decree in a divorce action brought by Zahra Rafieishad (wife). Specifically, husband contends that the trial court erred in finding service upon him was perfected pursuant to OCGA § 9-11-4 (f) (3) (B) (iii) (II).

According to the facts presented, husband and wife met in their native country, Iran, but were married in Atlanta, Georgia, shortly after moving here in 2007. Husband has dual citizenship in Iran and the United States, while wife is a citizen of Iran and a resident alien in this country. After living together in Georgia for several years, husband began traveling internationally and spending time in Iran while wife remained in the marital residence in Atlanta.

On May 19, 2011, wife filed for divorce in Fulton County Superior Court. After wife's attempts to have husband served personally in Iran were unsuccessful, the trial court entered an order providing further direction regarding service. The order instructed wife to utilize the provisions of OCGA § 9-11-4 (f) (3) (B) (iii) (II) and deliver the summons and complaint to the clerk of court, who was "directed to mail the correspondence" to husband's residence in Tehran, Iran. However, upon providing the correspondence to the clerk of court, the clerk instructed wife's attorney to complete the registered mail receipt in Farsi and to transact the mailing herself. For the reasons set forth below, we find that the requirements of OCGA § 9-11-4 (f) (3) (B) (iii) (II) were not met and there was no proper service of process on husband.

1. "Proper service of [process] is necessary for the court to obtain jurisdiction over a defendant." *Bonner v. Bonner*, 272 Ga. 545, 546 (533 SE2d 72) (2000).

> In this state, service of process is controlled by OCGA § 9-11-4 and, in the absence of service in conformity with the provisions of that statute, the trial court obtains no jurisdiction over the person of the defendant and a judgment rendered against [him] is absolutely void. [Cit.]

*Southworth v. Southworth*, 265 Ga. 671, 673 (461 SE2d 215) (1995). While this court has not previously addressed the provisions of OCGA § 9-11-4 (f) (3) (B) (iii) (II), in general it has required strict compliance with the service provisions of OCGA § 9-11-4. See *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989).

Pursuant to OCGA § 9-11-4 (f) (3) (B) (iii) (II), service of process on a person in a foreign country such as Iran can be made by "[a]ny form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served."[1] The plain language of this provision requires the clerk of court to be the person who addresses and dispatches the mail containing the summons, thus ensuring that an officer of the court disinterested in the proceedings is able to verify both the contents of the mailing and the address to which it is sent. See *Williams v. Batten*, 156 Ga. 620, 625-626 (119 SE 709) (1923). Registered mail addressed and dispatched by wife's attorney does not meet this requirement. While this Court recognizes the difficulties incumbent in the fact that mail sent to a foreign country may require the address to be written in a foreign script, OCGA § 9-11-4 (f) (3) (B) (iii) (II) does not permit the clerk of court to direct someone else to address and dispatch the mail for service of process.[2] Without proper service, the trial court did not obtain jurisdiction over husband and thus erred in denying husband's motion to set aside the final judgment.

2. Because the trial court lacked jurisdiction over husband, we need not address the remaining issues raised.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 15, 2013.

*L. Matt Wilson, James M. Wilson*, for appellant.

---

[1] As Iran is not a signatory state to the Hague Service Convention and there currently does not appear to be any special arrangement for service of legal process between the United States and Iran, the provisions of OCGA § 9-11-4 (f) (3) (B) apply.

[2] We note that OCGA § 9-11-4 (f) (3) (C) does permit the *court* to direct other means of service, which in certain circumstances, might allow for someone other than the clerk of court to address and dispatch the mail. However, even were this Court to consider the trial court's order providing further direction regarding service in this case to have been made pursuant to this provision, service was not perfected. In its order, the trial court directed the clerk of court to do the actual mailing of the service documents via registered mail, return receipt requested, and specified that the date of service would be that reflected on the return receipt. As the record shows that the court's directions with respect to mailing were not followed and, further, that no receipt of service has been returned, the trial court erred in finding personal service on husband had been achieved.

*Fariba B. Teimori, Mandelyn G. Moyer, James J. Macie,* for appellee.