S13A1605. REHMAN v. BELISLE et al.
(751 SE2d 97)

THOMPSON, Chief Justice.

Appearing pro se, plaintiff brought this action against defendants, the mayor and councilmen of the City of Senoia, seeking a writ of mandamus, or, alternatively, a declaration that a city ordinance is "ill conceived, confusing, detrimental and unconstitutional" and should be repealed. The ordinance states: "It shall be unlawful for any person to have in his possession less than one ounce of marijuana."[1] Following a hearing, the trial court dismissed plaintiff's petition, finding, inter alia, the court lacked jurisdiction of the person of defendants due to lack of service, and the petition failed to state a claim for relief. This appeal followed.

1. The trial court correctly dismissed the petition because plaintiff, who attempted to serve defendants himself by leaving copies of the petition for them at city hall, failed to perfect service upon any defendant pursuant to OCGA § 9-11-4, and defendants timely raised insufficiency of service as a defense. Seabolt v. Edghill, 192 Ga. App. 715, 716 (386 SE2d 376) (1989). The defect in service was not cured by the fact that defendants had actual knowledge that the petition had been filed against them. Adams v. Gluckman, 183 Ga. App. 666, 667 (359 SE2d 710) (1987). Moreover, defendants did not waive insufficiency of service of process by participating in the hearing below. Garrett v. Godby, 189 Ga. App. 183, 185 (375 SE2d 103) (1988).

2. Even if service had been perfected, it cannot be said the trial court erred in dismissing the petition because plaintiff, who has never been charged or even threatened with violating the ordinance, does not have standing to challenge the constitutionality of the ordinance. Manlove v. Unified Govt. of Athens-Clarke County, 285 Ga. 637, 638 (680 SE2d 405) (2009).

3. The trial court did not err in assessing attorney fees and expenses of litigation under OCGA § 9-15-14 (a) and (b). See Haggard v. Bd. of Regents, 257 Ga. 524, 527 (360 SE2d 566) (1987).

4. Defendants' motion to impose a penalty against plaintiff for filing a frivolous appeal in this Court pursuant to Supreme Court Rule 6 is denied.

Judgment affirmed. All the Justices concur.

---

[1] Plaintiff posits the ordinance can be read so as to make it lawful for men, but not women, to be in possession of more than one ounce of marijuana.

DECIDED NOVEMBER 4, 2013.
Mandamus. Coweta Superior Court. Before Judge Blackmon.
Donald I. Rehman, *pro se.*
*Andrew J. Whalen III*, for appellees.