309 Ga. 66
FINAL COPY

S19G0931. CROWDER v. STATE OF GEORGIA.

WARREN, Justice.

This case stems from an October 2016 incident at the Atlanta airport during which law enforcement officers seized $46,820 in cash from Shara Cumins, James Crowder's daughter. In the ensuing in rem forfeiture proceeding under OCGA § 9-16-12, the trial court awarded Crowder the property. The Court of Appeals, however, reversed. See *Crowder v. State of Ga.*, 348 Ga. App. 850 (823 SE2d 384) (2019). We granted certiorari to consider two questions:

> In an in rem forfeiture proceeding, may the forfeiture complaint be served by publication in the first instance when an interest holder resides out of state?

> Must a trial court rule on a pending motion for more definite statement before striking a claimant's answer as insufficient?

As to the first question, we conclude that the Court of Appeals properly interpreted OCGA § 9-16-12 (b) (3) as permitting service by publication in an in rem forfeiture proceeding if the owner of the

subject property resides outside of Georgia, and properly rejected Crowder's claims that personal service was required and that the State's complaint should have been dismissed based on its failure to personally serve him. Nevertheless, and as explained more below, the Court of Appeals must remand the case to the trial court for it to address Crowder's claim that the State's service by publication did not satisfy due process. As for the second question, we conclude that OCGA § 9-16-12 (c) (2) requires a trial court to first rule on a motion for a more definite statement before dismissing a claimant's answer. Because the Court of Appeals implicitly answered this question in the negative, we reverse this portion of the Court of Appeals's judgment.

1. *Background.*

(a) The facts of the case are accurately recounted in the Court of Appeals's opinion and some of the key facts are recounted below. See *Crowder*, 348 Ga. App. at 850-853. After law enforcement officers seized $46,820 in cash from Cumins, the State filed an in rem complaint for forfeiture against the property in December 2016

and named Cumins as a potential owner of the property. See OCGA § 9-16-12 (a); § 9-16-12 (b) (1). Cumins, however, maintained that the cash that had been seized from her at the airport belonged to Crowder, and she was later dismissed from the case. In February 2017, the State amended its forfeiture complaint, naming Crowder, who was a resident of Alabama, as a potential owner. The State attempted to personally serve Crowder but was unsuccessful. Thereafter, in April 2017, the State obtained an order for service by publication under OCGA § 9-16-12 (b) (3), which provides that, if an "owner or interest holder is unknown or resides out of this state . . . a copy of the notice of the complaint for forfeiture shall be published once a week for two consecutive weeks in the legal organ of the county in which the complaint for forfeiture is pending."[1] Under

---

[1] OCGA § 9-16-12 (b) (3) provides in full:

> If real property is the subject of the complaint for forfeiture or the owner or interest holder is unknown or resides out of this state or departs this state or cannot after due diligence be found within this state or conceals himself or herself so as to avoid service, a copy of the notice of the complaint for forfeiture shall be published once a week for two consecutive weeks in the legal organ of the county in which the complaint for forfeiture is pending. Such publication shall be deemed notice to any and all persons having

OCGA § 9-16-12 (c) (1), Crowder had 30 days from the "date of final publication" on April 26, 2017, to file an answer, but he did not file one until December 29, 2017.

Meanwhile, on December 6, 2017, in a pleading styled a "motion for judgment on the pleadings," the State contended that Crowder had failed to answer the complaint within 30 days of the date of final service by publication and that it was therefore entitled to default judgment under OCGA § 9-16-12 (e) and OCGA § 9-11-55.[2] On December 29, Crowder filed an unverified answer, admitting that he was the owner of the property but contending that he had not been properly served with the State's forfeiture complaint. On January 4, 2018, the State filed a motion for a more definite

---

an interest in or right affected by such complaint for forfeiture and from any sale of the property resulting therefrom, but shall not constitute notice to an interest holder unless that person is unknown or resides out of this state or departs this state or cannot after due diligence be found within this state or conceals himself or herself to avoid service.

[2] OCGA § 9-16-12 (e) provides that "[i]f at the expiration of the period set forth in subsection (c) of this Code section no answer has been filed, the state attorney may seek a default judgment as provided in Code Section 9-11-55[.]"

statement under OCGA § 9-16-12 (c) (2), contending that Crowder's answer failed to meet the requirements of OCGA § 9-16-12 (c) (1).[3] In its motion for a more definite statement, the State did not move to dismiss Crowder's answer for failure to comply with the requirements of paragraph (c) (1).

On January 9, 2018, Crowder moved to dismiss the State's complaint on the ground that the State had not personally served him, as he claimed was required by OCGA § 9-16-12 (b) (2), and that, even if service by publication were permitted, it did not comport with due process principles under the circumstances of this case.

At a hearing in January 2018, Crowder testified that the cash that had been seized belonged to him; that he received it in lump

---

[3] Paragraph (c) (1) of OCGA § 9-16-12 provides that "[a]n answer shall be verified by the owner or interest holder under penalty of perjury" and that it shall set forth the claimant's name and address; a "description of the claimant's interest in the property"; a "description of the circumstances of the claimant's obtaining an interest in the property and, to the best of the claimant's knowledge, the date the claimant obtained the interest and the name of the person or entity that transferred the interest to the claimant"; the "nature of the relationship between the claimant and the person who possessed the property at the time of the seizure"; and a "copy of any documentation in the claimant's possession supporting his or her answer." See OCGA § 9-16-12 (c) (1) (A-F).

sums from social security disability and from a settlement from an accident; and that he kept it in his trailer next to his home until he gave it to Cumins to use to buy a home in California. In March 2018, the trial court issued its final order without mentioning the three motions filed by the parties. The court ruled that the State was required to personally serve Crowder and that the "record is void of [Crowder] receiving proper service by the State." But instead of dismissing the State's complaint based on a lack of proper service, the court moved forward to address the merits of the forfeiture proceeding and concluded that the State failed to show that the property was being used for an illegal purpose. As a result, the trial court awarded the property to Crowder.

(b) The State appealed the trial court's ruling to the Court of Appeals, and Crowder filed a cross-appeal. The Court of Appeals rejected Crowder's claim that the trial court should have granted his motion to dismiss the State's complaint based on insufficient service of process. *Crowder*, 348 Ga. App. at 856-857. It held that the plain terms of OCGA § 9-16-12 (b) (3) permitted service by publication "if

the owner of the subject property 'resides out of this state,'" and that "the State's ability to serve a claimant who resides out of state via publication is not contingent upon whether it first exercised due diligence to serve such a claimant personally." Id. at 857.

It also held that "Crowder's answer failed to comply with the special pleading requirements of OCGA § 9-16-12 (c) (1)" and that, "accordingly, the trial court erred in denying the State's motion for judgment on the pleadings or, alternatively, in failing to dismiss Crowder's answer." *Crowder*, 348 Ga. App. at 855. Under this ruling, the State would be entitled to a judgment in its favor upon the return of the case to the trial court. We granted certiorari, asking the parties to address the two questions outlined above.

2. We first address whether OCGA § 9-16-12 (b) (3) permits service by publication in the first instance on "owner[s] or interest holder[s]" who reside out of state, and conclude that it does.

OCGA § 9-16-12 (b) (1) provides that "[a] copy of the complaint and summons shall be served on any person known to be an owner or interest holder and any person who is in possession of the

property." Paragraph (b) (2) of OCGA § 9-16-12 then provides that "[i]ssuance of the summons, form of the summons, and service of the complaint and summons shall be as provided in subsections (a), (b), (c), and (e) of Code Section 9-11-4."[4]  Finally, OCGA § 9-16-12 (b) (3) provides:

> If real property is the subject of the complaint for forfeiture or the owner or interest holder is unknown or resides out of this state or departs this state or cannot after due diligence be found within this state or conceals himself or herself so as to avoid service, a copy of the notice of the complaint for forfeiture shall be published once a week for two consecutive weeks in the legal organ of the county in which the complaint for forfeiture is pending. . . .

To determine whether service by publication is permissible under our in rem forfeiture statute, "we first look to the text because [a] statute draws its meaning . . . from its text."  *Fed. Deposit Ins.*

---

[4] Of particular importance here is that subsection (e) of OCGA § 9-11-4 sets forth rules regarding personal service.  We note that the State could have utilized the methods of service set forth in OCGA § 9-11-4, but did not do so, relying instead on the service provisions of OCGA § 9-16-12.  See OCGA § 9-11-4 (k) ("The methods of service provided in this Code section may be used as alternative methods of service . . . in any other special statutory proceedings and may be used with, after, or independently of the method of service specifically provided for in any such proceeding; and, in any such proceeding, service shall be sufficient when made in accordance with the statutes relating particularly to the proceeding or in accordance with this Code section.").

*Corp. v. Loudermilk*, 305 Ga. 558, 562 (826 SE2d 116) (2019) (citation and punctuation omitted). Moreover, "because we presume that the General Assembly meant what it said and said what it meant when it comes to the meaning of statutes, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." Id. (citations and punctuation omitted). The "common and customary usages of the words" are important and, "in cases like this one, include the usual and customary meaning of terms as used in a legal context." Id. (citation and punctuation omitted). "For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." Id. (citation and punctuation omitted).

(a) In determining the meaning of OCGA § 9-16-12 (b) (3), the Court of Appeals examined only the text of paragraph (b) (3) itself to conclude that the text of OCGA § 9-16-12 (b) (3) "plainly shows

that it allows for service by publication if the owner of the subject property 'resides out of this state.'" *Crowder*, 348 Ga. App. at 857. We agree that the plain language of OCGA § 9-16-12 (b) (3) allows for service by publication where, as here, the owner of property subject to an in rem forfeiture proceeding "resides out of this state."

Crowder argues, however, that an examination of the statutory context requires a different interpretation. Under his reading, OCGA § 9-16-12 (b) (3) must be considered alongside OCGA § 9-16-12 (b) (2). Specifically, he argues that because paragraph (b) (3) says only that "*notice* of the complaint" shall be published and does not say that "*service* may be made by publication" — whereas OCGA § 9-16-12 (b) (2) explicitly says that "*service* of the complaint and summons shall be as provided" by the personal service provision of the Civil Practice Act, OCGA § 9-11-4 (e) — personal service is required in all in rem forfeiture proceedings under OCGA § 9-11-4 (e). (Emphasis supplied.) Relatedly, he argues that because OCGA § 9-16-12 (b) (3) is merely a *notice* provision — not a service provision — the State must also provide notice by publication in all in rem

forfeiture cases.

Crowder is correct that OCGA § 9-16-12 (b) (3) does not use the phrase "service by publication" or some variation thereof. However, viewing the text and structure of the statute as a whole, *Loudermilk*, 305 Ga. at 562, we conclude that OCGA § 9-16-12 (b) (3) is a "service by publication" provision.

To begin, OCGA § 9-16-12 (b) (1) indicates that subsection (b) governs service for in rem forfeiture proceedings, providing that "[a] copy of the complaint and summons shall be *served* on any person known to be an owner or interest holder[.]" (Emphasis supplied.) In that vein, OCGA § 9-16-12 (b) (2) generally requires personal service for forfeitures involving owners or interest holders. Paragraph (b) (3) of OCGA § 9-16-12 then provides an exception to OCGA § 9-16-12 (b) (2), saying that, if an "owner or interest holder is unknown or resides out of this state," "a copy of the notice of the complaint for forfeiture shall be published once a week for two consecutive weeks in the legal organ of the county in which the complaint for forfeiture is pending." OCGA § 9-16-12 (c) (1) also provides important context

for interpreting paragraph (b) (3). To that end, paragraph (c) (1) specifies that the time for filing an answer, "*[i]f service is made by publication*," is "within 30 days of the date of final publication." OCGA § 9-16-12 (c) (1) (emphasis supplied). The only two provisions of the in rem forfeiture statute that mention publication are OCGA § 9-16-12 (c) (1) and § 9-16-12 (b) (3). Read together, those paragraphs make clear that OCGA § 9-16-12 (b) (3) addresses service by publication, just as OCGA § 9-16-12 (b) (2) addresses personal service.[5]

Indeed, the structure of OCGA § 9-16-12 shows that paragraphs (b) (2) and (b) (3) set forth alternative methods of service

---

[5] The Black's Law Dictionary definition of "service," as well as our case law, also support our conclusion that notice by publication can also constitute service under the statute. See Black's Law Dictionary (11th ed. 2019) (defining "service" as "[t]he formal delivery of a writ, summons, or other legal process, pleading, *or notice* to a litigant or other party interested in litigation.") (emphasis supplied). Accord *Ga. Pines Community Svc. Bd. v. Summerlin*, 282 Ga. 339, 340 (647 SE2d 566) (2007) (explaining that "[i]n statutes regarding 'service of process,' the word 'service' is a term of art referring to the 'formal delivery of a writ, summons, or other legal process'" and that the "'formal delivery' may be accomplished by . . . publication depending on the circumstances"); *Cascade Parc Property Owners Assn. v. Clark*, 336 Ga. App. 94, 95 (783 SE2d 692) (2016) (explaining that "[t]he purpose of Georgia's service laws is to give the defendant fair notice of the lawsuit against him").

for in rem forfeiture proceedings.  First, by beginning with the word "[i]f," the text of paragraph (b) (3) indicates that the type of service set forth in that paragraph creates an exception to the personal service requirement set forth in paragraph (b) (2).  Second, under OCGA § 9-16-12 (c) (1), an owner or interest holder who has been served personally under paragraph (b) (2) has "30 days after the service" to file an answer, whereas an owner or interest holder who has been served by publication under paragraph (b) (3) and not personally served has a different timeline for answering: "within 30 days of the date of final publication."  OCGA § 9-16-12 (c) (1).  If — as Crowder urges — personal service were required in every in rem case involving every "owner or interest holder," irrespective of whether they reside inside or outside of Georgia, then OCGA § 9-16-12 would only need to provide a uniform, 30-day deadline from the date of service in which to file an answer, and the third sentence of OCGA § 9-16-12 (c) (1) would be meaningless.[6]  But we have

---

[6] The portion of OCGA § 9-16-12 (c) (1) that addresses the time to file an answer when "service is made by publication and personal service has not been

emphasized in our precedents that "we do not read a statute in a way that 'renders any part of the statute meaningless.'" *Deal v. Coleman*, 294 Ga. 170, 174 n.10 (751 SE2d 337) (2013) (citation omitted). Accordingly, we reject Crowder's argument that OCGA § 9-16-12 requires the State to provide personal service *and* service by publication in all in rem forfeiture proceedings.

(b) Crowder also points to OCGA § 9-16-13, Georgia's in personam forfeiture statute, to argue that OCGA § 9-16-12, Georgia's in rem forfeiture statute, requires both personal service and service by publication. We again disagree.

---

made" appears to contemplate situations where there will be both service by publication and personal service. That is the result of the nature of in rem proceedings against real property. OCGA § 9-16-12 (a) requires that "the property which is the subject of the complaint for forfeiture . . . be named as the defendant[,]" and OCGA § 9-16-12 (b) (3) provides that "[i]f real property is the subject of the complaint for forfeiture, . . . a copy of the notice of the complaint for forfeiture shall be published . . . ." Where an owner or interest holder of that real property resides in Georgia, OCGA § 9-16-12 (b) (2) requires that the owner or interest holder be personally served. Accordingly, in those situations, there will be service by publication and personal service on the owner or interest holder. By providing for the time to file an answer "[i]f service is made by publication and personal service has not been made," OCGA § 9-16-12 (c) (1) exempts an owner of real property who resides in Georgia and was personally served from the extra time to file an answer afforded to persons who were served only by publication.

OCGA § 9-16-13 (b) (1) and (2) provide that for in personam forfeiture proceedings, "(1) *[e]xcept as otherwise provided in this Code section*," "service of the complaint and summons shall be as provided by subsections (a), (b), (c), and (d) of Code Section 9-11-4[7]; *and* (2) [i]f the defendant is unknown or resides out of this state . . . , notice of the complaint for forfeiture shall be published once a week for two consecutive weeks in the legal organ of the county in which the complaint for forfeiture is pending. . . ." (Emphasis supplied.) Crowder argues that the General Assembly used the "except" clause at the beginning of OCGA § 9-16-13 (b) (1) to create in paragraph (b) (2) an exception to the personal service requirement contained in paragraph (b) (1), thus explicitly allowing service by publication under the circumstances set forth in paragraph (b) (2). He further argues that, by extension, because there is no "except" clause at the beginning of OCGA § 9-16-12 (b) (2), the General Assembly must

---

[7] For purposes of Crowder's argument, we will assume that the reference in OCGA § 9-16-13 (b) (1) to OCGA § 9-11-4 (d), which addresses *waiver* of service, is a typographical or clerical error in the statute, and that the reference should actually be to the personal service provisions of OCGA § 9-11-4 (e).

have "carved out an exception for in personam cases that is not there for in rem cases," and that, as a result, the General Assembly must have intended for both personal service *and* service by publication to be required for in rem forfeiture proceedings.

But the word "and" between paragraphs (b) (1) and (b) (2) of OCGA § 9-16-13 undermines Crowder's interpretation, because it suggests that "[i]f the defendant is unknown or resides out of this state," the in personam forfeiture statute should be read as requiring compliance with OCGA §§ 9-16-13 (b) (1) and (b) (2). See *Reliance Equities, LLC v. Lanier 5, LLC*, 299 Ga. 891, 895 (792 SE2d 680) (2016) (when different paragraphs of a statute are "set forth in the conjunctive, compliance with each paragraph is required"). Whatever the appropriate interplay is between the "except" clause of OCGA § 9-16-13 (b) and the use of "and" between paragraphs (b) (1) and (b) (2) of that Code section, we conclude that OCGA § 9-16-13 (b) is sufficiently textually and structurally distinct from OCGA § 9-16-12 (b) that it does not provide context that alters our reading of OCGA § 9-16-12 (b) that service by publication is permissible in

in rem forfeiture proceedings if the "owner or interest holder . . . resides out of this state."

(c) Finally, Crowder argues that OCGA § 9-16-11 requires OCGA § 9-16-12 (b) to be read to require personal service in all in rem forfeiture cases. But OCGA § 9-16-11 only governs forfeitures "[i]f the estimated value of personal property seized is $25,000.00 or less," OCGA § 9-16-11 (a), whereas the forfeiture proceeding must begin by the filing of a complaint under OCGA § 9-16-12 in any in rem proceeding in which the estimated value of the property exceeds $25,000. We thus conclude that the service provisions of § 9-16-11 do not control the meaning of the service provisions of in rem forfeiture proceedings under OCGA § 9-16-12 where, as here, the property involved has a value greater than $25,000 and must proceed by a complaint in superior court under OCGA § 9-16-12. See OCGA § 9-16-2 (2) (a "'[c]ivil forfeiture proceeding' means a quasi-judicial forfeiture initiated pursuant to Code Section 9-16-11 or a complaint for forfeiture initiated pursuant to Code Section 9-16-12 or 9-16-13").

(d) For the foregoing reasons, we conclude that the Court of Appeals was correct to conclude that OCGA § 9-16-12 (b) (3) permits the State to serve owners and interest holders in the first instance by publication. This conclusion does not, however, end our inquiry.

That is because the plain-language interpretation of OCGA § 9-16-12 (b) (3) set forth above may well implicate constitutional concerns regarding due process.[8] To that end, we note that "the Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (108 SCt 2104, 100 LE2d 722) (1988) (quoting *Mullane v. Central Hanover Bank &*

---

[8] In some cases, the canon of constitutional avoidance allows courts to "'choos[e] between competing plausible interpretations of a statutory text, resting on the reasonable presumption that the legislature did not intend the alternative which raises serious constitutional doubts.'" *Nordahl v. State*, 306 Ga. 15, 20 (829 SE2d 99) (2019) (quoting *Clark v. Martinez*, 543 U. S. 371, 381 (125 SCt 716, 160 LE2d 734) (2005)) (punctuation omitted). But we cannot rely on that canon to avoid the potential constitutional issue implicated by OCGA § 9-16-12 (b) (3), because we can identify only one plausible interpretation of that statute.

*Trust Co.*, 339 U.S. 306, 314 (70 SCt 652, 94 LEd 865) (1950)).

Similarly, we have explained that whether

> a proceeding is in rem or in personam, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding. Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

*Reynolds v. Reynolds*, 296 Ga. 461, 462-463 (769 SE2d 511) (2015) (quoting *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (304 SE2d 909) (1983)).

In the trial court proceedings in this case, Crowder — citing cases such as *Abba Gana* — claimed that the State's service by publication under OCGA § 9-16-12 (b) (3) did not comport with due process principles.[9]  Because the trial court ruled that OCGA § 9-16-12 required personal service on Crowder, however, it did not address

---

[9] Crowder did not, however, expressly challenge the constitutionality of OCGA § 9-16-12 (b) (3).

Crowder's due process claim. Crowder nonetheless raised the same due process concerns in his appeal to the Court of Appeals. As a result, when the Court of Appeals reversed the trial court and concluded that service by publication was permitted under OCGA § 9-16-12 (b) (3), it should have remanded the case to the trial court for it to consider Crowder's due process claim. We therefore remand the case to the Court of Appeals with direction to remand to the trial court to consider Crowder's due process arguments in the first instance.[10]

3. We now turn to the second question presented: whether a trial court must rule on a pending motion for more definite statement before striking a claimant's answer as insufficient. See OCGA § 9-16-12 (c) (2). We answer that question "yes."

OCGA § 9-16-12 (c) (2) provides that if the State's attorney

---

[10] The State argues that any failure of notice was cured because Crowder had actual notice of the proceeding before the final hearing. However, we have held that a "defect in service [i]s not cured by the fact that defendants had actual knowledge that the [proceeding] had been filed against them." *Rehman v. Belisle*, 294 Ga. 71, 71 (751 SE2d 97) (2013).

determines that an answer fails to comply with the requirements of OCGA § 9-16-12 (c) (1), "he or she may file a motion for a more definite statement." ". . . If the motion is granted and the order of the court is not obeyed within 15 days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. . . ." OCGA § 9-16-12 (c) (2).

The State concedes that this statutory text, read "in its most natural and reasonable way," *Loudermilk*, 305 Ga. at 562, permits a trial court to strike the pleading to which the State's motion is directed only if the trial court grants the State's motion and "the order of the court is not obeyed within 15 days after notice of the order, or within such other time as the court may fix." OCGA § 9-16-12 (c) (2). The Court of Appeals thus erred by concluding that, because "Crowder's answer failed to comply with the special pleading requirements of OCGA § 9-16-12 (c) (1)," "the trial court erred in denying the State's motion for judgment on the pleadings or, alternatively, in failing to dismiss Crowder's answer." *Crowder*,

348 Ga. App. at 855 (citation and punctuation omitted).

Despite conceding this error, the State contends that we may nonetheless affirm the Court of Appeals's ultimate decision in favor of the State because the State was entitled to a default judgment under OCGA § 9-16-12 (e) based on Crowder's failure to file a timely answer. In this regard, the record shows that the State moved for a default judgment against Crowder under OCGA § 9-16-12 (e) on the ground that he had failed to timely answer the complaint. The State is correct that Crowder's answer was untimely. He did not file his answer until December 29, 2017 — well past his deadline of 30 days from the April 26, 2017 "date of final publication" under OCGA § 9-16-12 (c) (1). However, we cannot affirm based on the State's default judgment theory.

First, the trial court must address the due process concerns Crowder raised about service by publication. If the trial court concludes that the State's method of service did not comport with due process principles, the trial court should grant Crowder's motion to dismiss for insufficient service of process. See *Rehman v. Belisle*,

294 Ga. 71, 71 (751 SE2d 97) (2013); OCGA § 9-11-12 (b) (5). Second, because Crowder is entitled to move the trial court to open any default under OCGA § 9-11-55 (b), he has the statutory right to ask the trial court to address the default judgment issue in the first instance. We therefore cannot affirm the Court of Appeals on the State's default judgment theory.

For these reasons, we reverse the Court of Appeals's judgment that the State was entitled to a judgment on the pleadings or to the dismissal of Crowder's answer.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur, except Bethel, J., not participating, and Ellington, J., disqualified.*

DECIDED JUNE 16, 2020.
Certiorari to the Court of Appeals of Georgia — 348 Ga. App. 850.
*Glenn A. Loewenthal*, for appellant.
*Tasha M. Mosley, District Attorney, John E. Fowler, Karen S. Barbour, Tiffany C. Boulware Pleasant, Assistant District Attorneys*, for appellee.