**FOURTH DIVISION**
**DILLARD, P. J.,**
**DOYLE, P. J. and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**December 3, 2020**

# In the Court of Appeals of Georgia

A18A2113. STATE OF GEORGIA v. CROWDER.

A18A2114. CROWDER v. STATE OF GEORGIA.

DILLARD, Presiding Judge.

Following a bench trial in this *in rem* civil forfeiture action, the Superior Court of Clayton County awarded James L. Crowder $46,820 in U.S. currency that law enforcement officers seized from his daughter as she attempted to board a flight leaving Hartsfield-Jackson International Airport. In *State of Georgia v. Crowder*,[1] we held that Crowder's answer to the State's complaint failed to comply with the statutory pleading requirements for forfeiture actions, and, thus, we reversed the trial court's contrary ruling.[2] Additionally, in Crowder's cross-appeal, we affirmed the trial

[1] 348 Ga. App. 850 (823 SE2d 384) (2019).

[2] *See id*. at 854-55 (1).

court's ruling that the State sufficiently effected service of process upon Crowder via publication.[3]

However, in *Crowder v. State of Georgia*,[4] the Supreme Court of Georgia reversed our holdings, directing that the case be remanded for the trial court to address Crowder's claim that the State's service by publication did not satisfy due process[5] and to rule on the State's motion for a more definite statement before determining whether to dismiss Crowder's answer.[6] Accordingly, we adopt the judgment of the Supreme Court of Georgia as our own, vacate the trial court's ruling as to these issues, and remand the case to the trial court for further proceedings consistent with the Supreme Court of Georgia's opinion.

*Judgment vacated in Case Nos. A18A2113 and A18A2114, and both cases remanded with direction. Doyle, P. J., and Mercier, J., concur.*

_____

[3] *See id.* at 856-57 (2).

[4] ___ Ga. ___ (844 SE2d 806) (2020).

[5] *See id.* at ___ (3) (d) (844 SE2d at 813 (3) (d)).

[6] *See id.* at ___ (4) (844 SE2d at 813-14 (4)).