**FOURTH DIVISION
DOYLE, P. J.,
DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 5, 2023**

# In the Court of Appeals of Georgia

A23A0185. GEORGIA PAIN AND WELLNESS CENTER, LLC v.
HATCHETT.

DILLARD, Presiding Judge.

In this discretionary appeal, Georgia Pain & Wellness, LLC challenges the trial court's denial of its motion to set aside orders granting Melissa Hatchett's motion to compel it to respond fully to her discovery requests and awarding her attorney fees, as well as the court finding it in contempt for failing to comply with the order granting Hatchett's motion to compel. Specifically, Georgia Pain argues that (1) as a nonparty to the underlying lawsuit, service of the motions to compel and for contempt via regular U.S. mail was insufficient to obtain personal jurisdiction over it, (2) notices sent via U.S. mail failed to comply with the requirements of due process, and (3) the contempt order was issued in error because Georgia Pain did not

display a conscious or intentional failure to act. For the following reasons, we agree with Georgia Pain and reverse.[1]

A trial court's decision regarding a motion to set aside a judgment will not be reversed "absent a showing of manifest abuse of discretion,"[2] and will be affirmed if "there is any evidence to support it."[3] With this guiding standard of review in mind, we turn now to the underlying facts of this case.

Georgia Pain operates with two related medical practices—Georgia Interventional Pain, LLC and Summit Spine Health—out of offices in Lawrenceville. Mario Smith was a patient of one or more of these practices at some point in time, and in 2020, Smith sued Hatchett for injuries that he allegedly sustained in an automobile

---

[1] Oral argument was held in this case on December 6, 2022, and is archived on the Court of Appeals of Georgia's website. *See* Court of Appeals of Georgia, Oral Argument, Case No. A23A0185 (Dec. 6, 2022), available at https://vimeo.com/780454035.

[2] *Smith v. Parks Hotels & Resorts, Inc.*, 364 Ga. App. 192, 196 (874 SE2d 383) (2022) (punctuation omitted); *accord Brown v. Gadson*, 288 Ga. App. 323, 323 (654 SE2d 179) (2007); *Head v. Wachovia Bank, N.A.*, 264 Ga. App. 608, 610 (2) (591 SE2d 424) (2003).

[3] *Cherwood, Inc. v. Marlin Leasing Corp.*, 268 Ga. App. 64, 64 (601 SE2d 356) (2004) (punctuation omitted); *accord Smith*, 364 Ga. App. at 196; *see also Granite Loan Sols., LLC v. King*, 334 Ga. App. 305, 306-07 (3) (779 SE2d 86) (2015) ("We review a ruling on a motion to set aside for abuse of discretion and affirm if there is any evidence to support it.").

accident. Hatchett then sought to obtain Smith's medical records from Georgia Pain or Georgia Interventional under OCGA 9-11-34 (c) (2), which provides that requests for medical records may be served upon a nonparty "who is a practitioner of the healing arts or hospital or healthcare facility[.]" Importantly, the statute does *not* specify how service on such a nonparty must be made.[4]

On July 31, 2020, Hatchett's attorney mailed a records request to Georgia Pain via regular U.S. mail. And when no response was received, counsel used regular U.S. mail to send a follow-up letter on January 22, 2021, again requesting Smith's medical records and threatening to file a motion to compel. Both letters were sent to the

---

[4] While the statute does not specify how service of the records request is to be made on a nonparty medical provider, it *does* specify how service is to be made of a *copy* of the request on the person whose records are sought—whether that person is a party or a nonparty. *See* OCGA § 9-11-34 (c) ("Where such a request is directed to such a nonparty, a copy of the request shall be served *upon the person whose records are sought* by certified mail or statutory overnight delivery, return receipt requested, or, if known, that person's counsel, and upon all other parties of record in compliance with Code Section 9-11-5; where such a request to a nonparty seeks the records of a person who is not a party, a copy of the request shall be served *upon the person whose records are sought* by certified mail or statutory overnight delivery, return receipt requested, or, if known, that person's counsel by certified mail or statutory overnight delivery, return receipt requested . . ." (emphasis supplied)). Nevertheless, as should be clear from this opinion, the manner of service used on a nonparty medical provider for such requests generally becomes relevant only when the court attempts to take some action *against* that party–*i.e.*, by compelling compliance with the request or holding the nonparty in contempt.

practice's Lawrenceville office, addressed simply to "Georgia Pain & Wellness, Attn: Records Custodian."

Georgia Pain has no record of receiving the July 2020 request, but the January 2021 request was routed to Francine Taylor, a Georgia Pain employee who maintains some of the practice's medical records. Apparently, without consulting her supervisor or anyone with managerial authority, Taylor responded to the document request by sending Hachett "the usual set of records typically produced" upon receipt of such a request. And while those documents included all of the records Taylor could access, they did *not* fully satisfy Hatchett's document request.

On May 11, 2021, Hatchett's attorney again used regular U.S. mail to inform Georgia Pain that its response to the document request was incomplete. This letter was also addressed to "Georgia Pain & Wellness: Attn: Records Custodian." And according to Georgia Pain, it has no record of receiving the May 2021 letter.

On September 30, 2021, Hatchett filed a motion to compel and request for sanctions against Georgia Interventional. The certificate of service reflects that the motion was served via regular U.S. mail by sending a copy to "Georgia Interventional" at the Lawrenceville address. On November 18, 2021, the trial court issued a *rule nisi*, scheduling a December 1, 2021 hearing on Hatchett's motion to

4

compel. The attached certificate of service shows this filing was also sent via regular U.S. mail and addressed to "Georgia Pain and Wellness."

The trial court entered an order on December 6, 2021, granting the motion to compel and noting that Georgia Pain failed to appear at the hearing. The order gave both Georgia Pain and Georgia Interventional 30 days to produce the requested documents and awarded Hatchett $547.50 in attorney fees, to be paid within 30 days. The certificate of service attached to the order shows it was served via regular U.S. mail on Georgia Pain, Georgia Interventional, and Summit Spine at the Lawrenceville address.

When received, the order on the motion to compel was routed to a second medical-records clerk, Sally Her. On or about December 17, 2021, Her sent a response to Hatchett's attorney via certified mail, return receipt requested. She hand-wrote on the response that "records and bills were sent already. Payments [for copying the documents were] received as well. See attached certifications, per your request." Enclosed were two notarized certificates—one from Georgia Pain and one from Georgia Interventional—authenticating the previously sent medical records. According to Georgia Pain, Her—like Taylor—did not consult with a supervisor or any other person with managerial authority before sending this response.

5

Additionally, Her also failed to realize Hatchett's document request encompassed medical records her department did not maintain.

On January 25, 2022, Hatchett filed a motion for contempt against both Georgia Pain and Georgia Interventional. The attached certificate of service noted that the motion was served on "Georgia Interventional" by sending a copy via regular U.S. mail, addressed to "Georgia Pain & Wellness." Three days later, the trial court issued a *rule nisi* scheduling a contempt hearing for February 9, 2022. The certificate of service for this document indicates a notice of the hearing was sent via regular U.S. mail addressed to "Georgia Pain and Wellness and Georgia Interventional."

The trial court entered an order on February 21, 2022, finding both Georgia Pain and Georgia Interventional in contempt for failure to comply with its December 6, 2021 order granting Hatchett's motion to compel. The order required the medical practices to comply fully with the December order, awarded an additional $550 in attorney fees to Hatchett, and imposed a fine of $1,000 per day for "each day that passed" until Georgia Pain and Georgia Interventional fully complied with the trial court's orders.

Georgia Pain and Georgia Interventional learned of the contempt proceedings on February 21, 2022, when the attorney for Smith—the plaintiff in the underlying

6

lawsuit—called the medical practices' CEO to advise him of the proposed contempt order. The following day, after the order was entered, Hatchett's attorney sent a copy of it to the practices' CEO via certified mail, return receipt requested. Georgia Pain and Georgia Interventional subsequently filed a motion to set aside the orders granting Hatchett's motion to compel and finding them in contempt of court.

Following a hearing, the trial court entered an order summarily granting the motion to set aside as to Georgia Interventional but denying it as to Georgia Pain. We granted Georgia Pain's application for a discretionary appeal, which we will now consider.

1. Georgia Pain first argues the trial court erred in failing to set aside the order of contempt because service of the motion for contempt and the related *rule nisi* did not comport with the standards for due process or Georgia law. In a second but related enumeration of error, Georgia Pain asserts the trial court erred in granting the motion to compel, underlying *rule nisi*, and underlying requests for production of documents when service of those items did not comport with the standards for due process or Georgia law. On each of these points, we agree.

The Supreme Court of the United States has held that the Due Process Clause requires every method of service to provide "'notice reasonably calculated, under all

the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[5] Similarly, the Supreme Court of Georgia has explained that "whether a proceeding is in rem or in personam, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding."[6] Importantly, when contempt is sought against a nonparty under Georgia law, the contempt action is initiated by the filing of a motion and the issuance of a *rule nisi*.[7] And the *rule nisi*

---

[5] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U. S. 694, 707 (III) (108 SCt 2104, 100 LE2d 722) (1988) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (70 SCt 652, 94 LEd 865) (1950)); *accord Crowder v. State*, 309 Ga. 66, 73 (2) (d) (844 SE2d 806) (2020); *Shuler v. Akpan*, 362 Ga. App. 811, 813 (870 SE2d 235) (2022); *Hutcheson v. Elizabeth Brennan Antiques & Interiors, Inc.*, 317 Ga. App. 123, 126 (1) (730 SE2d 514) (2012).

[6] *Crowder*, 309 Ga. at 74 (2) (d) (*quoting Reynolds v. Reynolds*, 296 Ga. 461, 462-63 (769 SE2d 511) (2015)); *accord Shuler*, 362 Ga. App. at 813.

[7] *See Nadal v. Nadal*, 355 Ga. App. 756, 758 (1) (845 SE2d 727) (2020) ("In cases of constructive contempt of court, . . . [in which] the alleged contumacious conduct is disobedience to a mandate of the court, . . . the law requires that a rule nisi issue and be served upon the accused, giving the accused notice of the charges against [him], and that the accused be given an opportunity to be heard." (punctuation omitted)); *see also Brown v. King*, 266 Ga. 890, 890 (1) (472 SE2d 65) (1996) (explaining that a party initiates a "contempt proceeding by serving the respondent with a copy of the contempt motion and a rule nisi").

must be *served* upon the alleged contemnor, so as to provide him with notice of both the allegations and his scheduled opportunity to be heard.[8] In a contempt case against a nonparty, then, the "rule nisi is the summons which is to be served on the [respondent] giving him notice of the charges and the opportunity to be heard at a specified time and place."[9] Put another way, for the trial court to obtain personal jurisdiction over the nonparty, the nonparty *must* be served with some form of summons or the equivalent of it.[10]

---

[8] *See Nadal*, 355 Ga. App. at 758 (1) (*"*The notice given by the rule nisi is to afford the accused a reasonable time in which to prepare his defense to the charge that he had violated the court's order." (punctuation omitted)); *In re Harris*, 289 Ga. App. 334, 337 (2) (b) (657 SE2d 259) (2008) (same).

[9] *Braden v. Braden*, 260 Ga. 269, 269 (392 SE2d 710) (1990); *accord Nadal*, 355 Ga. App. at 757 n. 2 (citing *Braden*); *see Berger v. North American Co.*, 146 Ga. App. 475, 477 (3) (246 SE2d 716) (1978) (explaining that "until the alleged civil contemnor is legally served with rule nisi the court has no jurisdiction to enter any order in the case with respect to his conduct, and all further proceedings are nugatory"); *see also Henry v. Hiwassee Land Co.*, 246 Ga. 87, 88 (269 SE2d 2) (1980) ("Where, as in the present case, no proceedings are pending between the parties at the time a notice is to be given, personal service generally is required in order to give legal notice."); *Five Star Steel Contractors, Inc. v. Colonial Credit Union*, 208 Ga. App. 694, 695 (431 SE2d 712) (1993) (same).

[10] *See Lewis v. Capital Bank*, 311 Ga. App. 795, 799-800 (2) (717 SE2d 481) (2011) (explaining that in the absence of service of process, the court does not obtain jurisdiction over the person); *see also Cowart v. Ga. Power Co.*, 362 Ga. App. 574, 582 (1) n.5 (868 SE2d 241) (2022) (acknowledging that "the sufficiency of service of an application for contempt potentially may implicate issues concerning personal jurisdiction" (emphasis omitted)); *Chavarria v. Jackson*, 194 Ga. App. 414, 414 (390 SE2d 613) (1990) (holding

Given the foregoing, with respect to a motion filed against a nonparty, the *rule nisi* is the equivalent of a summons,[11] so logic dictates that—given the foregoing constitutional and precedential backdrop—it must be served using the same method required for service of process.[12] And with respect to an LLC, such as Georgia Pain, Georgia law provides as follows:

> A limited liability company's registered agent is the limited liability company's agent *for service of process, notice, or demand required or permitted by law to be served on the limited liability company*. If a limited liability company has no registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery,

that lack of service in contempt action rendered court without personal jurisdiction); *cf. Dennis v. Dennis*, 302 Ga. App. 791, 794 (2) (692 SE2d 47) (2010) (holding that service of motion for contempt was sufficient to confer trial court with personal jurisdiction).

[11] *See Herring v. Standard Guar. Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977) ("In general, a rule nisi is a process (order) of court which issues in pending litigation to formally notify parties of and compel them to appear at hearings for determination, prior to trial and final judgment, of preliminary, temporary or other interlocutory matters."); *Peachtree Cas. Ins. Co. v. Bhalock*, 252 Ga. App. 328, 330 (556 SE2d 218) (2001) ("Process . . . consists of the summons and related documents issued by the trial court to give notice to a defendant of the pendency of the action, whether by personal service, publication, or alternative methods as provided in [OCGA § 9-11-4]. Process is the means whereby a court compels the appearance of a defendant before it or a compliance with its demand." (punctuation omitted)).

[12] *See supra* notes 8-10 & accompanying text. *See generally* Orin S. Kerr, *A Theory of Law*, 16 GREEN BAG 2D 111 (2012).

return receipt requested, addressed to the limited liability company at its principal office.[13]

Accordingly, Georgia law did not permit service on Georgia Pain of the motion to compel, the motion for contempt, or the *rule nisi* that accompanied each by regular U.S. mail. And in the absence of proper service, the trial court was without jurisdiction either to compel Georgia Pain to produce the requested documents or to hold the practice in contempt.[14]

Finally, in circumstances involving a nonparty, treating the *rule nisi* as the equivalent of a summons for purposes of service also comports with the dictates of

---

[13] OCGA § 14-11-1108 (a) (emphasis supplied). Service of process on an LLC may also be achieved under OCGA § 9-11-4 (e) (1), which addresses service of process on corporations.

[14] *See supra* note 10 & accompanying text; *see also Southworth v. Southworth*, 265 Ga. 671, 674 (3) (461 SE2d 215) (1995) (explaining that only *after* a party has been served with process in the pending action may his or her "constitutional right to notice . . . be met through *subsequent* service by mail in accordance with OCGA § 9-11-5 (b)" which provides for service and the filing of pleadings subsequent to the original complaint and other papers); *Green Tree Servicing, LLC v. Jones*, 333 Ga. App. 184, 189 (2) (775 SE2d 714) (2015) (same); *Crolley v. Dergara*, 248 Ga. App. 423, 423-24 (546 SE2d 366) (2001) ("Service by mail on [appellant's] attorney was insufficient for initiation of an action seeking to enforce any claimed settlement."); *cf. Jahanbin v. Rafieishad*, 292 Ga. 806, 806 (1) (741 SE2d 648) (2013) ("In this state, service of process is controlled by OCGA § 9-11-4 and, in the absence of service in conformity with the provisions of that statute, the trial court obtains no jurisdiction over the person of the defendant and a judgment rendered against him is absolutely void." (punctuation omitted)).

due process. Indeed, whenever notice is required to be given in a judicial proceeding, due process requires that it be "such notice as is reasonably calculated, under all the circumstances, to enable the interested parties to protect their rights."[15] Specifically, to comport with due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," and the notice "must be of such a nature as reasonably to convey the required information."[16] Here, sending the motions

---

[15] *Green Tree Servicing*, 333 Ga. App. at 189 (2) (punctuation omitted).

[16] *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998) (punctuation omitted) (setting aside order of contempt and finding that a trial court's letter to counsel for both parties informing them that court had received letter from wife's counsel asking that husband be held in contempt for violating the divorce decree and scheduling a telephone conference on the matter did not comport with the mandates of due process); *see Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (70 SCt 652, 94 LEd 865) (1950) ("[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." (citations omitted)).

and accompanying *rule nisi* via regular U.S. mail did *not* satisfy the requirements of due process.[17]

In light of the foregoing, the trial court lacked jurisdiction to enter orders compelling Georgia Pain to respond to Hatchett's discovery requests and holding it in contempt. Moreover, even assuming the trial court had jurisdiction over Georgia Pain, the notices provided to it of Hatchett's motions and the accompanying hearings were insufficient to satisfy the requirements of due process.

For all these reasons, the trial court's denial of Georgia Pain's motion to set aside was an abuse of discretion that must be reversed.

---

[17] *See In re Harris*, 289 Ga. App. at 337-38 (2) (b) ("This requirement of reasonable notice in a case involving an alleged *indirect* contempt is not satisfied by a showing that the accused was present in court at the time of trial and adjudication and had actual notice then and there of what was going on, but rather contemplates and necessitates a written notice fairly and fully informing the accused of the specific acts of contempt with which she is charged, and so given as to afford a reasonable time to make her defense." (punctuation omitted)); *see also Browning v. Europa Hair, Inc.*, 244 Ga. 222, 224 (259 SE2d 473) (1979) (noting that "not every employee of a corporation is an agent subject to being validly served with process directed to the corporation," and "[t]he reason is that the purpose of service is notice, and not every employee can reasonably be expected to notify the corporate officers of the receipt of the complaint"); *cf. Hedquist v. Hedquist*, 275 Ga. 188, 189 (563 SE2d 854) (2002) ("We have held that personally serving a party with a motion for contempt and a rule nisi 17 days before the show cause hearing complies with the notice requirements of due process.").

13

3. Because we conclude the trial court erred in failing to set aside the order of contempt for the failure to properly serve Georgia Pain, we need not consider its alternative argument, which is that the contempt order was issued in error because Georgia Pain did not display a conscious or intentional failure to act.

For all these reasons, we reverse the trial court's judgment.

*Judgment reversed. Doyle, P. J., and Pipkin J., concur*.